### PETER A. STRYKER v. SAMUEL SKILLMAN.

The repealing clause in the act of 1830, supplementary to the attachment act, *Rev. Laws* 355, does not touch, or repeal the 26th section of the small cause act, *Rev. Laws* 637, but a claimant has a right to apply to a justice of the peace, and have his claim tried in the manner directed by the said 26th section.

The words "or other officer," in the 14th section of the attachment act, *Rev. Laws,* 357, and the same words, whenever they occur in the supplement thereto, passed February, 1830, must be restrained to mean coroners, or such officers, other than sheriffs, to whom it appertains to execute process out of the superior courts.

---

This was an application for a writ of mandamus. The following is a statement of the case agreed upon between the parties.

"Robert S. Hudnot, one of the constables of the county of Somerset, by virtue of a writ of attachment, issued out of a court for the trial of small causes in said county, at the suit of Samuel Skillman against one George Groves, an absconding debtor, attached and took into his possession, a certain horse, which was claimed by notice in writing, delivered to said constable by Peter A. Stryker. Within ten days after the delivery of said notice, the said claimant applied to Peter Voorhees, esq. one of the justices of the peace, in and for said county, and within the township where said horse was so seized, for a venire to

Stryker *v.* Skillman.

summon a jury of six lawful men, to try the right of the claim-
ant to said horse. The justice issued the venire agreeably to
the 26th section of the " Act constituting courts for the trial of
small causes," and the said claimant gave due notice in writing
to the plaintiff in attachment, of the time and place of the said
trial. On the return of the venire, a motion was made in be-
half of the plaintiff in attachment, to dismiss the proceedings,
on the ground that a justice of the peace has no jurisdiction in
a·case, like the one above stated, under the 26th section of the
small cause act : Whereupon and for this reason alone, the
same were dismissed.

It is agreed between the parties, by and with the consent of
the said justice, that if the Supreme Court should be of the
opinion, that a justice of the peace is authorized to try the right
of property attached as aforesaid, under the 26th section of the
act constituting courts for the trial of small causes, " that then
a writ of *mandamus* shall issue, directed to the said justice,
commanding him to proceed to trial in the above stated case."

*Tenbroeck*, for claimant.

*Field*, for plaintiff in attachment.

The opinion of the court was delivered by

HORNBLOWER, C. J. The property in question had been
seized by a constable under an attachment against an abscond-
ing debtor, issued by a justice of the peace.—Stryker, by notice
in writing, delivered to the constable, put in a claim to the pro-
perty, and proceeded in all respects as is directed by the 26th
section of the act constituting courts for the trial of small
causes. On the return of the venire before the justice, on mo-
tion in behalf of the plaintiff in attachment, the justice dismiss
ed the proceedings, on·the ground, that he had no jurisdiction
in the matter.

A motion is now made for a writ of mandamus to the justice,
commanding him to proceed to try the claim of property accord-
ing to law. This motion is resisted on the ground that by the
provisions of the act of February 1830, (*Pamph. Laws for*
1829, 1830, *fol.* 50) supplementary to the act commonly called
the attachment act, the jurisdiction of the justice in such cases, is
superseded, and that the constable himself, is the proper person

to hold the inquest of property. The directions supposed to be given by the late Chief Justice Ewing in the second edition of the New Jersey Justice, under title Attachment, page 148, is relied on in support of this objection.

By the 14th section of the attachment act, (*Rev. Laws* 357) it is enacted that if the sheriff or *other officer* shall, by virtue of any writ of attachment, issued in pursuance of that act, attach and take, through ignorance, &c. any goods, &c. which shall be claimed by any person as his property, it shall and may be lawful for such sheriff *or officer*, to summon and swear a jury to try the right of property. The general provisions of that act are applicable in the first place to proceedings in the Supreme Court and in the courts of Common Pleas, and the term " officer " or " other officer " must therefore mean the appropriate executive officers of those courts ; viz. the sheriffs or coroners.

But the 33d section of the act, (*Rev. Laws* 362) authorizes justices of the peace to issue attachments for a limited amount. Such attachments are to be directed to the constables, the act says, " shall *execute* the same in manner aforesaid ; " that is in the manner in which " the sheriff or other officer " is directed in the act, to *execute* writs of attachment out of the superior courts. There is nothing in the 33d section nor in any other part of the act extending the provisions of the 14th section to constables. The mode of *executing* the writ, is particularly prescribed in the fourth, fifth, seventh and eighth sections, and is a very different thing from holding an inquest of office to try the right of property.

If, therefore, a constable had any right to summon and swear a jury to try the right of property, previous to the passing of the 26th section of the act constituting courts for the trial of small causes, it must have been in consequence of the words " or other officer " used in the 14th section of the attachment act. But I am not aware, that such a construction has been given to that section by any decision of this court, whatever may have been done in the way of practice.

It is evident, however, that the legislature either supposed the provisions of the 14th section of the attachment act, did not extend to constables, or thought they were not proper officers to conduct such proceedings as are thereby directed ; *for*, by the

26th section of the act constituting courts for the trial of small causes, which was passed long after the attachment act. (*Rev. Laws* 637) they authorize the claimant to make application to a justice of the peace, and expressly give jurisdiction to the justice and prescribe his duties; and by the 45th section of the same act, (*Rev. Laws* 648) all acts and parts of acts within the purview of that act, *and* contradictory thereto, are repealed.

If then the legislature intended the 26th section of the act constituting courts for the trial of small causes, as a substitute for the 14th section of the attachment act, so far as the same applied to constables, or if the provisions of the latter section are within the purview *and* contradictory to the former, then so much of the 14th section of the attachment act, as embraces constables, was repealed by the 45th section of the act constituting courts for the trial of small causes.

If I am right in this view of the subject, the supplement which was passed in February, 1830, to the attachment act, and which is referred to in "The New Jersey Justice," has not given or restored to the constable, the right of summoning and swearing a jury in case of a claim of property being put in. If the 14th section, so far as respects constables, was repealed by the 45th section of the small cause act, then the words "or other officer" in the 14th section of the attachment act, and the same words, wherever they occur, in the supplement thereto of 1830, must be restrained to mean *coroners and such officers, other* than sheriffs, to whom it appertains to execute process out of the superior courts. The repealing clause of the supplement does not touch the 26th section of the small cause act. That section stands in full force, unless it is constructively repealed, by the act of 1830, supplementary to the attachment act. And I am decidedly of opinion, that nothing in that supplement can be so construed, for two reasons—First. The words "said officer," or "other officer" wherever they occur in the original act, refer to the officers named in the first section of the act, and are used in connection with, or in reference to, the writ there spoken of. The first section authorizes writs of attachment to be issued out of the Supreme court or Court of Common Pleas, and says they shall be directed to the *sheriff or coroner*, as the case may require; and the term "officer" or "other officer" is evidently

Den *v.* Sinnickson.

used afterwards throughout the act, to save the necessity of repeating the words, sheriff or coroner. And secondly. The duties prescribed, and powers given to the officer by the supplement, are such as the legislature would not impose upon or vest in a constable. He is to issue subpœnas for witnesses, and to swear them; to keep a "correct minute" of the proceedings, and to file the same, together with the claim and inquest, "*in the office of the clerk of the court out of which the writ issued, there to remain of record.*" He is also to tax the costs, and if necessary, to issue his warrant to *any constable* of the county, for the same. And the fees provided for in the 11th section, conclusively shew the legislature was giving directions to sheriffs and not to constables. Besides at the time this supplement was passed, the 26th section of the small cause act was in full force as it is now, and there was therefore no occasion for the legislature to extend the provisions of this supplement to the case of constables.

Admitting however, that the 14th section of the attachment act did, and that the supplement to that act now does authorize a constable to hold such inquest, yet a claimant has a right, if he elects to do so, to apply to a justice of the peace and have his claim tried in the manner directed by the 26th section of the act constituting courts for the trial of small causes, and the supplement thereto, passed the 13th of June, 1820. *Rev. Laws* 772.

I am therefore of opinion, the justice in this case, mistook the law, and that a mandamus ought to issue.